IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ELKEM ASA,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Court. No. 26-04042<br>Before: Unassigned |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, Elkem ASA ("Elkem"), by and through its attorneys, alleges herein as follows. Elkem contests certain aspects of the final determination of the less-than-fair-value investigation published by the U.S. Department of Commerce ("Commerce") on June 30, 2026 concerning imports of silicon metal from Norway. *See Silicon Metal from Norway: Final Affirmative Determination of Sales at Less Than Fair Value*, 91 Fed. Reg. 39,597 (June 30, 2026) ("*Final Determination*").

**JURISDICTION**

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under Sections 516A(a)(2)(A)(i)(II) and (B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (B)(i).

**STANDING**

2. Plaintiff is a foreign producer and exporter of the subject merchandise and was a party to, and participated in, the contested final determination of the less-than-fair-value

investigation covering silicon metal from Norway. Accordingly, Elkem qualifies as an interested party pursuant to Sections 516A(f)(3) and 771(9)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

3. Plaintiff has standing to commence this action pursuant to Section 516A(d) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(d), and 28 U.S.C. § 2631(c).

**TIMELINESS OF ACTION**

4. On August 21, 2026, the U.S. Department of Commerce ("Commerce") issued the antidumping duty order on silicon metal from Norway. *See Silicon Metal From Australia and Norway: Antidumping Duty Orders*, 91 Fed. Reg. 54,306 (Aug. 21, 2026).

5. Plaintiff commenced this action by filing a Summons on September 18, 2026, which is within thirty days of the date of publication of the contested antidumping duty order. Therefore, pursuant to Section 516A(a)(2) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2), and Rules 3(a)(2) and 6(a) of the Rules of the United States Court of International Trade, this action was timely commenced.

6. Plaintiff is filing this Complaint within thirty days after filing of the Summons in this action as prescribed by 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of the CIT Rules.[1] Accordingly, this Complaint is timely filed.

**STATEMENT OF FACTS**

7. Elkem is a Norwegian producer of silicon metal subject to Commerce's less-than-fair-value investigation of silicon metal from Norway. The period of investigation ("POI") was April 1, 2024, through March 31, 2025.

[1] Because the end of the 30-day period falls on a Sunday, the period continues to run until the end of the next business day. *See* Rule 6(a)(1)(c) of the CIT Rules.

8. During the course of the investigation, Commerce requested Elkem's cost of production information. In response to several Commerce questionnaires and supplemental requests for information, Elkem submitted cost data, financial information, and documentation concerning its reported expenses. These expenses included insurance proceeds Elkem received during the POI to compensate for losses arising from a fire at its Salten production facility that affected its overall production costs. Elkem received the insurance proceeds during the POI and reported them in its cost calculations. Elkem allocated a portion of the proceeds to offset repair and incidental expenses incurred during the POI and the remaining amount to offset general and administrative ("G&A") expenses associated with business interruption. *See Silicon Metal from Norway: Final Affirmative Determination of Sales at Less Than Fair Value*, 91 Fed. Reg. 39,597 (June 30, 2026), and accompanying Issues and Decision Memorandum at 24 (June 24, 2026) ("IDM").

9. Elkem also reported its G&A expense ratio using its unconsolidated financial statements, which reflected expenses incurred in providing management and administrative services to affiliated entities. *See* IDM at Comments 5 and 7.

10. Commerce issued a preliminary determination on January 28, 2026, and conducted an on-site verification of Elkem's reported costs in Oslo, Norway, from March 2 through March 6, 2026. During verification, Commerce examined Elkem's accounting records, cost reconciliations, and supporting documentation. *See Silicon Metal from Norway: Preliminary Affirmative Determination of Sales at Less Than Fair Value*, 91 Fed. Reg. 5,706 (Feb. 9, 2026), and accompanying Decision Memorandum for the Preliminary Affirmative Determination (Jan. 28, 2026) ("PDM"). With respect to the insurance proceeds, Commerce obtained detailed documentation from Elkem's accounting system identifying period expenses

associated with the Salten fire. Commerce also examined Elkem's G&A expense calculation and the financial information underlying its reported cost ratios.

11. In its case and rebuttal briefs, Elkem argued that, for the final determination, Commerce should not revise Elkem's method of reporting its settlement because doing so would distort Elkem's actual cost experience during the POI. *See* IDM at Comment 5.

12. Elkem also challenged Commerce's preliminary calculation of its G&A expense ratio. Elkem explained that its unconsolidated financial statements included management and administrative expenses incurred for the benefit of affiliated entities, while the corresponding costs of goods sold of those entities were excluded from the denominator, causing a mismatch in expenses and costs. Elkem requested that Commerce use the Elkem Group's consolidated financial statements or otherwise adjust the calculation to address the mismatch. See IDM at Comment 7.

13. In its *Final Determination*, Commerce rejected Elkem's treatment of a portion of the insurance settlement proceeds for business interruption, finding that Elkem had not established specific current-period expenses corresponding to those proceeds. Consequently, Commerce removed the business interruption offset from the G&A expense numerator, increasing Elkem's reported G&A expenses and the resulting ratio. *See* IDM at Comment 5.

14. Commerce also acknowledged the mismatch identified by Elkem in its G&A expense calculation. Nevertheless, Commerce declined to use the Elkem Group's consolidated financial statements. Instead, Commerce retained Elkem's unconsolidated financial statements and included management fee income received from affiliated entities as an offset to G&A expenses, concluding that this adjustment would eliminate the identified mismatch. *See* IDM at Comment 7.

15. On June 30, 2026, Commerce published its *Final Determination*, assigning Elkem an estimated weighted-average dumping margin of 2.47 percent. *See Silicon Metal from Norway: Final Affirmative Determination of Sales at Less Than Fair Value*, 91 Fed. Reg. 39,597 (June 30, 2026). Elkem challenges Commerce's disallowance of the business interruption insurance offset and its treatment of the G&A expense ratio in the final determination.

## STATEMENT OF CLAIMS

### COUNT ONE

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. Commerce's practice permits insurance proceeds to offset related losses incurred during the reporting period, up to the amount of qualifying expenses. *See Chlorinated Isocyanurates from Spain*, 73 Fed. Reg. 79,789 (Dec. 30, 2008), and accompanying Issues and Decision Memorandum ("IDM") at Issue 4. This practice requires Commerce to consider the nature and scope of losses associated with an insured event when determining whether the proceeds may offset reported costs of production ("COP").

18. Commerce failed to adequately explain why Elkem's operational costs associated with the fire at the Salten facility did not qualify as losses related to the business interruption insurance proceeds, or whether excluding those proceeds from the G&A calculation reasonably reflected Elkem's costs during the POI. By rejecting the offset without adequately evaluating these considerations, Commerce failed to properly apply its practice of allowing offsets for costs that reflect the producer's actual cost experience. Accordingly, Commerce's determination was contrary to law.

### COUNT TWO

19. The allegations of fact set forth in paragraphs 1 through 18 are incorporated herein by reference.

20. Commerce's refusal to consider Elkem's business interruption insurance proceeds as an offset to its COP is unsupported by substantial evidence. The record establishes that the Salten fire disrupted Elkem's production operations, and Commerce verified the insurance settlement and obtained accounting records documenting current-period expenses associated with the fire. Nevertheless, Commerce excluded certain proceeds, claiming that Elkem had not identified specific G&A expenses corresponding to the business interruption portion of the settlement. *See* IDM at Comment 5. Commerce's analysis failed to adequately address record evidence that supported the claimed offset.

21. By excluding the business interruption proceeds without sufficiently addressing the relationship between the insured event and Elkem's reported operating expenses, Commerce failed to adequately consider relevant record evidence. Its determination therefore is not supported by substantial evidence.

COUNT THREE

22. The allegations of fact set forth in paragraphs 1 through 21 are incorporated herein by reference.

23. Commerce's calculation of Elkem's G&A expense ratio fails to adequately account for the relationship between the expenses included in the numerator and the cost of goods sold ("COGS") reflected in the denominator.

24. Although Commerce recognized the underlying discrepancy, its attempt to fix it by including management fee income as an offset to the G&A numerator does not adequately correct the mismatch. To the extent expenses attributable to affiliated entities remained in the numerator without corresponding costs in the denominator, Commerce's calculation overstated Elkem's G&A expense ratio, and therefore, is not supported by substantial evidence.

## REQUEST FOR JUDGMENT AND RELIEF

25. WHEREFORE, Elkem respectfully requests that the Court enter judgment against the defendant, the United States, declare that Commerce erred as a matter of law and fact in calculating Elkem's insurance proceeds and general and administrative expense ratio, and grant any such other relief as the Court may deem appropriate.

* * *

Respectfully submitted,

/s/ Jonathan M. Zielinski
Jonathan M. Zielinski
Thomas M. Beline
Margaret E. Monday
Kelsey Ayers, *Law Clerk*
**CASSIDY LEVY KENT (USA) LLP**
2112 Pennsylvania Ave. NW, Suite 300
Washington, D.C. 20037
Phone: (202) 567-2316
Fax: (202) 567-2301
Email: jzielinski@cassidylevy.com
*Counsel for Elkem*

Date: October 19, 2026

**NOTICE TO INTERESTED PARTIES**

*Elkem ASA v. United States*
CIT Court No. 26-004042

I, Jonathan M. Zielinski, of the law firm Cassidy Levy Kent (USA) LLP, hereby certify that on October 19, 2026, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint, by certified mail, return receipt requested:

**On behalf of: Petitioner Ferroglobe USA, Inc.; Mississippi Silicon LLC**
Adam H. Gordon
The Bristol Group PLLC
1050 17th Street, NW Suite 1050
Washington, DC 20036
adam.gordon@bristolgrouplaw.com

**On behalf of: Wacker Chemicals Norway AS; Wacker**
Richard Ferrin
Faegre Drinker Biddle & Reath LLP
1500 K Street, NW Suite 1100
Washington, DC 20005
richard.ferrin@faegredrinker.com

**On behalf of: Government of Norway**
Rajib Pal
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
rpal@sidley.com

/s/ Jonathan M. Zielinski
Jonathan M. Zielinski

## CERTIFICATE OF SERVICE

*Elkem ASA v. United States*
CIT Court No. 26-004042

I, Jonathan M. Zielinski, of the law firm Cassidy Levy Kent (USA) LLP, hereby certify that on October 19, 2026, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-in-Charge
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza - Room 346
Civil Division
New York, NY 10278
civil.itfoecf@usdoj.gov

Director, Civil Division
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

**UPON THE DEPARTMENT OF COMMERCE**
General Counsel
U.S. Department of Commerce
Mail Stop 5875 HCHB
14th and Constitution Avenue, NW
Washington, DC 20230

Chief Counsel
Office of the Chief Counsel for Trade Enforcement and Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Avenue, NW
Washington, DC 20230

/s/ Jonathan M. Zielinski
Jonathan M. Zielinski